REDMANN, Judge.
Defendant insurer appeals from a judgment holding it liable for $1,475, the value of plaintiffs’ insured car damaged by flood water in Hurricane Betsy.
Defendant’s regional manager’s testimony established the value of the car. The real issue on appeal is whether defendant is liable for total loss of the car.
The car was made operable after hurricane waters subsided, and taken to the insurer. The insurer “authorized directly” Star Chrysler to repair the car and plaintiffs agreed to the repair. Star made some repairs but not all plaintiffs thought necessary. Further discussion by plaintiff wife with the insurer resulted in the insurer instructing Star to do anything necessary to restore the car to perfect condition. She then gave Star a list of items. A week later Star told her the work could not be done because the insurer stopped the work. (This testimony by the wife is not contradicted; Star’s service manager testified they repaired the car well, but his testimony does not discuss the extent of the insurer’s authorization nor the alleged stopping of the work.)
Defendant’s manager testifed he did in a “later discussion” (i. e., not at first) agree to pay full $1,475 value “if they paid the repair bill after they had already had the repairs done”. The manager stated the insurer would have then owned the repaired car, of which he said the salvage value was $779.50. Star’s first repair bill was over $300 and its last bill was over $700.
From defendant’s testimony that the salvage value of the car, repaired to the extent the insurer would authorize repair, was only $780 although the average retail value was $1,475, the trial judge obviously concluded that a great deal more repair was necessary to bring the car to average retail condition. Salvage value may be lower than retail value by the amount of sale costs, but those would not amount to $695. Since complete repair would thus have cost approximately the value of the car, defendant’s election to refuse further repairs under the circumstances amounted to an election to limit its liability to replacement value; this was not a simple case of dispute over whether more repairs were necessary. Defendant’s then offer of replacement conditioned on plaintiffs’ paying accrued repairs and defendant’s getting the car was an unfair attempt to escape with a net loss of only $695 when it had *549 already authorized over $700 of repairs and would have been liable for several hundred dollars more repairs necessary to bring the car to average retail condition.
The trial judge’s conclusion that complete repair would have amounted to replacement cost and therefore the latter was due is reasonably supported by the preponderance of the evidence and will not be disturbed.
The judgment is affirmed.